UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEROME JUYSHA TAYLOR,**

      **Petitioner,**

                                                              Case No. 1:04-CV-72
**v.**                                                              Hon. Wendell A. Miles

**DAVID GUNDY,**

      **Respondent.**
_____/

### REPORT AND RECOMMENDATION

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

### Background

Following a jury trial in the Eaton Circuit Court, petitioner was convicted of assault with intent to commit murder, MCL § 750.83, possession with intent to deliver less than 50 grams of cocaine, MCL § 333.7401(2)(a)(iv), possession of a firearm during the commission of a felony, MCL § 750.227b, and felon in possession of a firearm, MCL § 750.224. The trial court sentenced him as a third-offense habitual offender, MCL § 769.11, to a prison term of twenty-five to fifty years for the assault conviction, a concurrent three to ten year term for the felon in possession conviction, a consecutive five to forty year term for the possession with intent to deliver cocaine conviction, and a consecutive two-year term for the felony-firearm conviction.

Petitioner filed an appeal in the Michigan Court of Appeals raising two issues:

    I.    Did the people present sufficient evidence to convict defendant of assault with intent to murder (or of assault with intent to do great bodily harm)?

  II. Was defendant deprived of effective assistance of counsel and a fair trial by his attorney's failure to object (due to a conflict of interest) to the court's failure to answer the jury's question concerning its ability to distinguish between the defendant and codefendant regarding their respective intents?

  Petitioner filed a supplemental brief raising four additional issues:

  III. Regarding question of law, whether constitutional and manifest error has occurred when the defendant was arbitrarily charged with possession of a purported controlled substance, or purported cocaine, while never meeting he statutory mandate, nor the substance ever being determine[d] to be a controlled substance for want of a drug analysis technician to actually determine and testify to the legality of the substance.

  IV. Regarding question of law, whether constitutional or manifest error has occurred wantonly and knowingly when the defendant was arbitrarily charged with possession of firearm contrary to meeting the charge was devices [sic] by a material fact in order to prosecute the defendant while the subject matter of the jurisdiction has never been statutorily met to support prosecution under the statute.

  V. Regarding question of law, whether constitutional or manifest error has occurred in the instant case when the trial court allowed illicit acts to be commenced by the prosecutor that literally denied and abridge[d] the accuse[d] from due administration of justice in nature and a direct abuse of discretion on the court for allowing such ill founded practice to stand uncorrected.

  VI. Regarding question of law, whether constitutional and manifest error has occurred when the defendant was willfully and arbitrarily denied equal protection of the right to have a cross reference selection of the community as jurors of an African American of his peers.

The Michigan Court of Appeals affirmed petitioner's convictions. *People v. Taylor*, No. 223408 (Mich. App.) (April 2, 2002) (docket no. 20).

  Petitioner raised these six issues in his delayed application for leave to appeal to the Michigan Supreme Court. *People v. Taylor*, No. 121581 (Mich.) (docket no. 21). In addition, petitioner raised the following new issue in his application:

2

>   VII.   Abuse of process MCL § 750.369; MSA 28.601. Constitutional Error has occurred under the 14th Amendment where the record reveals, two of the statutory charges Defendant was prosecuted for, was implemented by way of an abuse of process.

*Id.*[1]

In this new seventh issue petitioner contends that the government abused process and violated his rights under the 14th Amendment. First, petitioner states that it was an abuse of process to charge him with felony firearm, "because the actual record reflects [he] never possessed a firearm or aided in the commission of a felony as testimony shows of the witnesses in this matter." *Id.* Second, petitioner contends that although he was charged with having drugs, he was not arrested with drugs, there were no drugs on the crime scene, and he did not have constructive possession of the drugs. *Id.* The Michigan Supreme Court denied the delayed application for leave to appeal on December 4, 2002. *Id.*

In his habeas petition filed in this suit, petitioner raises "all issues presented in state courts." Petition at ¶ 12(A). The allegations of a pro se habeas petition are entitled to a liberal construction to encompass any allegations stating federal relief. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (quotations omitted). Based on these statements, the court concludes that petitioner has raised all seven issues in his petition for federal habeas relief. Petition at ¶¶ 12-13.[2]

---

[1] Petitioner raises this new issue twice in his application for leave to appeal to the Supreme Court.

[2] Paragraph 13 of the petition requests the following information from petitioner: "If any of the grounds listed in 12 A, B, C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them." Petitioner provided the following response:

> Abuse of Process MCL 750.369; MSA 28.601. Constitutional Error has occurred under the statutory charges Petitioner was prosecuted for, was implemented by way of an abuse of process.

3

**Discussion**

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). In the present case, petitioner failed to exhaust all of his state remedies with respect to his habeas claims.

Petitioner has fully exhausted issues I through VI in the Michigan appellate courts. However, petitioner has failed to exhaust the 14th Amendment claim set forth in issue VII. Although petitioner raised the seventh issue in his delayed application for leave to appeal to the Michigan Supreme Court, this is insufficient to exhaust the claim. Submission of a new claim to the state's highest court on discretionary review does not constitute fair presentation of a claim in the habeas context. *See Castille v. Peoples*, 489 U.S. 346, 349-52 (1989); *Paffhousen v. Grayson*, No. 00-1117, 2000 WL 1888659 at *2 (6th Cir. Dec. 19, 2000). An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

In the present case, petitioner has at least one available procedure to raise issue VII in state court by filing a motion for relief from judgment pursuant M.C.R. 6.500 *et. seq*. Under Michigan law, he may file one such motion with the state trial court. *See* M.C.R. 6.502(G)(1). The

record reflects that petitioner has not filed a motion under M.C.R. 6.500 *et seq.* Although petitioner exhausted six of his habeas claims in the state courts, his failure to exhaust all of his claims normally requires dismissal of the entire petition without prejudice. In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court considered a "mixed petition" including exhausted and unexhausted claims, and stated:

> In this case we consider whether the exhaustion rule in 28 U.S.C. §§ 2254 (b), requires a federal district court to dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the state courts. Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

*Id*. at 510 (emphasis added). Even though the petition in this case includes six "exhausted" claims, the presence of the seventh "unexhausted claim" requires the court to dismiss the entire petition without prejudice**.**

### Recommendation

I respectfully recommend that petitioner's habeas petition be dismissed. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated:  August 9, 2006                              /s/ Hugh W. Brenneman, Jr.
                                                                  Hugh W. Brenneman, Jr.
                                                                  United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).